UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———

BOBBY EUGENE BUCKINES,

                Plaintiff,                    Case No. 1:08-cv-17

v.                                           Honorable Robert J. Jonker

MICHIGAN PAROLE BOARD et al.,

                Defendants.

_____/

## REPORT AND RECOMMENDATION

        This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff has paid the initial partial filing fee. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915A. The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, I recommend that Plaintiff's complaint be dismissed.

**Discussion**

I.       Factual allegations

Plaintiff is incarcerated in the Pugsley Correctional Facility.  Plaintiff was convicted in the Wayne County Circuit Court of second-degree murder and possession of a firearm during the commission of a felony.  The trial court sentenced him on April 25, 1996, to prison terms of ten to fifteen years for the murder conviction and two years for the firearm conviction.  Plaintiff's complaint concerns the denial of his parole by the Michigan Parole Board.  He sues the Michigan Parole Board and Parole Board Members Enid Livingston, James Quinlan and John Rubitschun.  Plaintiff also sues Julie Markham and Amy Moore for their role in reviewing and responding to his grievance regarding the denial of his parole.

The Michigan Parole Board must follow the parole guidelines promulgated by the Michigan Department of Corrections (MDOC).  *See* MICH. COMP. LAWS § 791.233(e)(5).  The parole board may depart from the guidelines by denying parole to a prisoner who scores under the guidelines as having a high probability of parole, but any such departure "shall be for a substantial and compelling reason stated in writing."  *See* MICH. COMP. LAWS § 791.233(e)(6).  On March 10, 2006, the parole board issued a "Notice of Decision" denying Plaintiff's parole for a period of twelve months.  The notice was signed by Defendants Livingston and Quinlan.  The parole board gave the following substantial and compelling reason for departing from parole guidelines: "P showed good insight into many factors of his crime, but could benefit by further exploration of his controlling nature and also his beer drinking, which was a factor in the murder.  P needs further substance abuse programs to reduce his risk."  (Parole Board Notice of Decision, Exhibit I, Docket #2 .)  The parole board also provided the following reasons in support of their action:

**Crime & Criminal Behavior**
**The assaultive crime**:
Resulted in the loss of life
Involved a family member or acquaintance
Involved the touching with or discharge of a weapon
Involved a dangerous weapon(s)

**Personal History**
**The prisoner has a history of substance abuse which**:
Manifests itself in assaultive behavior
Is related to a criminal behavior

Plaintiff claims that the parole board's statements regarding his use of alcohol are libelous and false. Plaintiff filed a grievance claiming that his parole was denied on the basis of inaccurate information because he did not consume alcohol on the day of the murder and does not have a history of substance abuse that manifests itself in assaultive behavior. Defendants Markham and Moore reviewed and responded to his Step I grievance, concluding that the denial of parole was warranted. In response to Plaintiff's claim of inaccurate information, the Step I Grievance response noted the following:

1. [Plaintiff's] Therapy Admission Report indicates, "On the evening that the offense occurred, the two of them had been drinking considerably and he had told her that she was too drunk to continue drinking" and "Mr. Buckines admits to drinking excessively."

2. [Plaintiff's] Therapy Termination Report indicates, He seems somewhat ambivalent regarding his possibly having any problem with alcohol abuse and, again, he was confronted by the group about this issue.

3. In [Plaintiff's] Parole board Interview with Ms. Livingston, [Plaintiff] admitted to drinking beer daily, 40 oz. bottles, and indicated [his] personal risks and intervention strategies as stating [he] would "avoid negative drinking buddies and don't drink again." [He] acknowledged the part alcohol played in [his] crime.

(Step I Grievance Resp., Exhibit B, Docket #1.) Defendant Rubitschun denied Plaintiff's Step II Grievance appeal.

Plaintiff seeks declaratory judgment stating that "the defamation of character/reputation made by way of libel with respect plaintiff Bobby Eugene Buckines, violated plaintiff's rights under the First and Fourteenth Amendments to the United States Constitution, and constituted defamation of character/reputation, and further violated plaintiff's freedom of expression (speech) under color of state law." (Pl.'s Br. in Supp., at 12, docket #2.) He also seeks a declaration that Defendants Markham, Moore and Rubitschun further violated his rights by failing to "correct/expunge the libel." (*Id.*) In addition, Plaintiff seeks injunctive relief and compensatory and punitive damages.

## I.    Immunity

Plaintiff may not maintain an action against the Michigan Parole Board. The Michigan Parole Board is part of the Michigan Department of Corrections. MICH. COMP. LAWS § 791.231a(1). Regardless of the form of relief requested, the states and their departments are immune under the Eleventh Amendment from suit in the federal courts, if the state has not waived immunity and Congress has not expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1994). Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). Therefore, the Michigan Parole Board, as part of the Michigan Department of Corrections, is immune from injunctive and monetary relief. *See Fleming v. Martin*, 24 F. App'x 258, 259 (6th Cir. 2001) (Michigan Parole Board entitled to Eleventh Amendment immunity); *Carson v. Mich. Parole Bd.*, No. 88-1277, 1988 WL 79688, at *1 (6th Cir. July 27, 1988) (same).

Plaintiff also sues three members of the Michigan Parole Board. Members of a parole board have absolute immunity from damages liability for actions taken in the performance of their duties regarding the decision to grant or deny parole because that task is functionally comparable to that of a judge. *Hawkins v. Morse*, No. 98-2062, 1999 WL 1023780, at *1 (6th Cir. Nov. 4, 1999); *Tillman v. Price*, No. 96-2032, 1997 WL 225993, at *1 (6th Cir. May 5, 1997); *Ward v. Moss*, No. 94-1417, 1994 WL 664948, at *1 (6th Cir. Nov. 23, 1994); *accord Scotto v. Almenas*, 143 F.3d 105, 110 (2d Cir. 1998); *Wilson v. Kelkhoff*, 86 F.3d 1438, 1444 (7th Cir. 1996); *Anton v. Getty*, 78 F.3d 393, 396 (8th Cir. 1996); *Little v. Bd. of Pardons, and Parole Div.*, 68 F.3d 122, 123 (5th Cir. 1995) (per curiam); *Russ v. Uppah*, 972 F.2d 300, 303 (10th Cir. 1992). The actions for which Plaintiff complains were taken by defendant Parole Board members in their quasi-judicial function of deciding whether to grant or deny Plaintiff's parole; therefore, they are entitled to absolute immunity from Plaintiff's claims for monetary damages.

### III.      Failure to state a claim

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

A challenge to the fact or duration of confinement should be brought as a petition for habeas corpus and is not the proper subject of a civil rights action brought pursuant to § 1983. *See Preiser v. Rodriguez*, 411 U.S. 475, 484, 494 (1973) (the essence of habeas corpus is an attack by a person in custody upon the legality of that custody and the traditional function of the writ is to secure release from illegal custody). The Supreme Court has held that a state prisoner cannot make a cognizable claim under § 1983 for an alleged unconstitutional conviction or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid" unless a prisoner shows that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus . . . ." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *see also Edwards v. Balisok*, 520 U.S. 641, 646-48 (1997). However, in *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005), the Supreme Court clarified that §1983 remains available to a state prisoner for procedural challenges where success in the action would not necessarily spell immediate or speedier release for the prisoner. *See also Thomas v. Eby,* 481 F.3d 434, 439-40 (6th Cir. 2007) (a plaintiff's challenge to parole procedures may proceed under § 1983 because it does not automatically imply a shorter sentence). Plaintiff does not directly seek release from prison; therefore, his action does not appear to be barred by *Heck.* Assuming that Plaintiff's action is cognizable under § 1983, however, it fails to state a claim as set forth below.

Plaintiff claims that the parole board relied upon false information in denying his parole. Plaintiff fails to raise a claim of constitutional magnitude because he has no liberty interest in being released on parole. There is no constitutional or inherent right to be conditionally released before the expiration of a prison sentence. *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979). Although a state may establish a parole system, it has no duty to do so, and

thus, the presence of a parole system by itself does not give rise to a constitutionally-protected liberty interest in parole release. *Id.*; *Bd. of Pardons v. Allen*, 482 U.S. 369, 373 (1987). Rather, a liberty interest is present only if state law entitles an inmate to release on parole. *Inmates of Orient Corr. Inst. v. Ohio State Adult Parole Auth.*, 929 F.2d 233, 235 (6th Cir. 1991).

In *Sweeton v. Brown*, 27 F.3d 1162, 1164-65 (6th Cir. 1994) (en banc), the Sixth Circuit, noting "the broad powers of the Michigan authorities to deny parole," has held that the Michigan system does not create a liberty interest in parole. Subsequent to its 1994 decision, the Sixth Circuit has recognized the continuing validity of *Sweeton* and has continued to find that Michigan's parole scheme creates no liberty interest in being released on parole. *See Ward v. Stegall*, 93 F. App'x 805, 806 (6th Cir. 2004); *Martin v. Ohio Adult Parole Auth.*, 83 F. App'x 114, 155 (6th Cir. 2003); *Bullock v. McGinnis*, 5 F. App'x 340, 342 (6th Cir. 2001); *Turnboe v. Stegall*, No. 00-1182, 2000 WL 1679478, at *1 (6th Cir. Nov. 1, 2000); *Hawkins v. Abramajtys*, No. 99-1995, 2000 WL 1434695, at *2 (6th Cir. Sept. 19, 2000); *Irvin v. Mich. Parole Bd.*, No. 99-1817, 2000 WL 800029, at *2 (6th Cir. June 14, 2000); *Clifton v. Gach*, No. 98-2239, 1999 WL 1253069, at *1 (6th Cir. Dec. 17, 1999).

Also, in unpublished decisions, the Sixth Circuit has held that particular parts of Michigan's statutory parole scheme do not create a liberty interest in parole. *See Fifer v. Mich. Dep't of Corr.*, No. 96-2322, 1997 WL 681518, at *1 (6th Cir. Oct. 30, 1997); *Moran v. McGinnis*, No. 95-1330, 1996 WL 304344, at *2 (6th Cir. June 5, 1996); *Leaphart v. Gach*, No. 95-1639, 1995 WL 734480, at *2 (6th Cir. Dec. 11, 1995); *Vertin v. Gabry*, No. 94-2267, 1995 WL 613692, at *1 (6th Cir. Oct. 18, 1995); *Neff v. Johnson*, No. 92-1818, 1993 WL 11880, at *1 (6th Cir. Jan. 21, 1993); *Janiskee v. Mich. Dep't of Corr.*, No. 91-1103, 1991 WL 76181, at *1 (6th Cir. May 9, 1991); *Haynes v. Hudson*, No. 89-2006, 1990 WL 41025, at *1 (6th Cir. Apr. 10, 1990). Finally, the

Michigan Supreme Court has recognized that there is no liberty interest in parole under the Michigan system. *Glover v. Mich. Parole Bd.*, 596 N.W.2d 598, 603-04 (Mich. 1999). Accordingly, Plaintiff has no liberty interest at stake.

Because Plaintiff has no liberty interest in being paroled, he cannot show that the alleged false information was relied upon to a constitutionally-significant degree. *See Caldwell v. McNutt*, No. 04-2335, 2006 WL 45275, at *1 (6th Cir. Jan. 10, 2006) ("[E]ven if the Parole Board relied on inaccurate information to deny Caldwell parole, it did not violate any liberty interest protected by the United States Constitution."); *Echlin v. Boland*, No. 03-2309, 2004 WL 2203550, at *2 (6th Cir. Sept. 17, 2004) (prisoner could not bring a § 1983 action to challenge the information considered by the parole board because he has no liberty interest in parole); *see also Draughn v. Green*, No. 97-1263, 1999 WL 164915, at *2 (6th Cir. Mar. 12, 1999) (in order for the Due Process Clause to be implicated, false information in a prisoner's file must be relied on to a constitutionally significant degree); *Pukyrys v. Olson*, No. 95-1778, 1996 WL 636140, at *1 (6th Cir. Oct. 30, 1996) (no constitutional violation by having false information placed in a prison file); *Carson v. Little*, No. 88-1505, 1989 WL 40171, at *1 (6th Cir. Apr. 18, 1989) (inaccurate information in an inmate's file does not amount to a constitutional violation). Therefore, Plaintiff fails to state a claim for a violation of his due process rights arising from the denial of his parole.

Plaintiff also fails to state a claim against Defendants Markham, Moore and Rubitschun arising from their denial of his grievance and alleged failure to "correct/expunge the libel." Where a defendant's only involvement in the allegedly unconstitutional conduct is "the denial of administrative grievances or the failure to act," the defendant cannot be liable under § 1983. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). Failing to intervene on a prisoner's behalf to remedy alleged unconstitutional behavior does not amount to active unconstitutional

behavior by a person who merely denies an administrative grievance. *Id.* Also, in unpublished

decisions, the Sixth Circuit has held that a prisoner's allegation that a defendant improperly denied

a grievance is not a claim of constitutional dimension because there is "no inherent constitutional

right to an effective prison grievance procedure." *See Overholt v. Unibase Data Entry, Inc.*, No. 98-

3302, 2000 WL 799760, at \*3 (6th Cir. June 14, 2000); *Lyle v. Stahl*, No. 97-2007, 1998 WL

476189, at \*1 (6th Cir. Aug. 3, 1998); *see also Wynn v. Wolf*, No. 93-2411, 1994 WL 105907, at \*1

(6th Cir. March 28, 1994) (no constitutional right to a grievance procedure).

While Plaintiff asserts a violation of his freedom of speech, I am unable to discern

any facts alleged by Plaintiff that would support a First Amendment claim. Moreover, Plaintiff's

claims of libel and defamation arise only under state law. Section 1983 does not provide redress for

a violation of a state law. *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995); *Sweeton*, 27 F.3d at

1166. To the extent that Plaintiff's complaint presents allegations under state law, this Court

declines to exercise jurisdiction. The Sixth Circuit has stated that district courts should generally

decline to exercise supplemental jurisdiction over state law claims under these circumstances. *See*

*Landefeld v. Marion Gen. Hosp.*, *Inc.,* 994 F.2d 1178, 1182 (6th Cir. 1993); *Hawley v. Burke*, No.

97-1853, 1998 WL 384557, at \*2 (6th Cir. June 18, 1998).

### Recommended Disposition

Having conducted the review now required by the Prison Litigation Reform Act, I

recommend that Plaintiff's complaint be dismissed pursuant to 28 U.S.C. § 1915A(b). Should this

report and recommendation be adopted, the dismissal of this action will count as a strike for

purposes of 28 U.S.C. § 1915(g).

I further recommend that the Court find no good-faith basis for appeal within the

meaning of 28 U.S.C. § 1915(a)(3).  *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir.

1997).


Dated:  February 11, 2008                                      /s/ Hugh W. Brenneman, Jr.
                                                              HUGH W. BRENNEMAN, JR.
                                                              United States Magistrate Judge



## NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).