UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BOBBY EUGENE BUCKINES,

       Plaintiff,                        Case No. 1:08-CV-17

v.                                                   Hon. Robert J. Jonker

MICHIGAN PAROLE BOARD, et al.,

       Defendants.
_____/

**ORDER AND JUDGMENT**
**APPROVING REPORT AND RECOMMENDATION**

The Court has reviewed the Magistrate Judge's Report and Recommendation (docket # 4) filed on February 11, 2008. Petitioner filed his Objection to the Report and Recommendation (docket # 8) on March 6, 2008.

Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED R. CIV. P. 72(b)(3). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981).

The Court has reviewed de novo the claims and evidence presented to Magistrate Judge Brenneman; the Report and Recommendation itself; and Plaintiff's Objection. After its review, the Court finds Magistrate Judge Brenneman's Report and Recommendation to be both factually sound and legally correct. The Report and Recommendation recommends that Plaintiff's complaint be dismissed for failure to state a claim. Plaintiff argues that his complaint should not be dismissed because prisoners "have a constitutional right to have accurate information in their files."

As explained in the Report and Recommendation, prisoners do not have an absolute constitutional right to remove inaccurate information from their files. *Carson v. Little*, 875 F.2d 862 (Table), 1989 WL 40171, at *1 (6th Cir. April 18, 1989) ("[T]he mere retention of inaccurate information in an inmate's file does not amount to a constitutional violation." (citing *Pruett v. Levi*, 622 F.2d 256, 258 (6th Cir.1980) (per curiam))). And Michigan prisoners do not have a liberty interest in being paroled. *E.g.*, *Fifer v. Mich. Dep't of Corr.*, No. 96-2322, 1997 WL 681518, at *1 (6th Cir. Oct. 30, 1997). Because Plaintiff has no such right or liberty interest, Plaintiff cannot show that the allegedly false information, or the Defendants' alleged reliance on that information, violated his constitutional rights. Accordingly, Plaintiff fails to state a claim for a violation of his due process rights.

The case Plaintiff relies on in making his objection, *Paine v. Baker*, 595 F.2d 197, 202 (4th Cir. 1979), does not affect the propriety of the Report and Recommendation's conclusion. The Sixth Circuit has come to a different conclusion than the one announced by the Fourth Circuit in *Paine*. *Compare Caldwell v. McNutt*, 158 F. App'x 739, 741 (6th Cir. Jan. 10, 2006) ("[E]ven if the Parole Board relied on inaccurate information to deny Caldwell parole, it did not violate any liberty interest protected by the United States Constitution."), *with Paine*, 595 F.2d at 202 ("If the information is relied on to deny parole or statutory good-time credits, or to revoke probation or parole, the inmate's conditional liberty interest is at stake and the due process clause is called into play."). Moreover, even within the Fourth Circuit *Paine* may no longer be good law. *See Johnson v. Rodriguez*, 110 F.3d 299, 308 n.13 (5th Cir. 1997) ("[A]lthough *Paine* has not been expressly overruled, subsequent Fourth Circuit cases reflecting [the Fifth Circuit's] view certainly undercut any contention that the *Paine* analysis is still viable in the circuit which initially formulated it. . . . Those courts that continue to give lip service to *Paine* have practically emasculated it by reading its third requirement, that the information be relied upon to a constitutionally significant degree, in tandem with subsequent jurisprudence recognizing that there is no procedural Due Process protection for procedures which are unrelated to a protected liberty interest." (citations omitted).) Despite the language Plaintiff relies on in *Paine*, under the law of the Sixth Circuit Plaintiff has failed to state a claim for a violation of his Due Process rights arising from the denial of his parole.

**ACCORDINGLY, IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge, filed February 11, 2008, is approved and adopted as the opinion of the Court.

**IT IS FURTHER ORDERED** that Plaintiff's complaint is DISMISSED for failure to state a claim. The dismissal of this action counts as a strike for purposes of 28 U.S.C. § 1915(g). The Court finds no good-faith basis for appeal within the meaning of 28 U.S.C. § 1915(a)(3).


Dated:   March 12, 2008             /s/ Robert J. Jonker
                                    ROBERT J. JONKER
                                    UNITED STATES DISTRICT JUDGE